THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TYLER LYMAN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>MICHELLE MINERT,<br><br>　　　　　　　　Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 2:21-CV-756-DBB<br><br>District Judge David Barlow |

　　　　Petitioner Tyler Lyman, a pretrial detainee confined at Utah State Hospital (USH), filed this federal habeas-corpus petition, under 28 U.S.C.S. § 2241 (2022) (ECF No. 4).

　　　　Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2022). "Petitions under § 2241 are used to attack the execution of a sentence," which may include challenges to "some matters that occur at the prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh v. United States*, 115 F.3d 809, 811 (10th Cir. 1997). Still, "a § 2241 action . . . is not challenging prison conditions, it is challenging an action affecting the fact or duration of the petitioner's custody," and thus qualifies as a habeas-corpus proceeding. *Id.* at 812.

　　　　Petitioner categorizes his "causes of action" as follows: (1) "I haven't been given my police report still to this date 12-17-2021"; (2) "The case hasn't moved forward in the space of 2 months"; (3) "The police made an illegal arrest," supported by the allegation that, based on a false statement, "The police broke the law, thus making them criminals, making me a kidnapping victim"; (4) "The competency evaluator didn't introduce himself, and he didn't ask a single eval.

1

question"; (5) Utah County Jail withheld food from Petitioner's for stretches of 2 to 3.5 days; (6) "Several guards made sexual comments toward me." (ECF No. 4.) His request for relief is to be released. (*Id.* at 11.)

## SCREENING ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted). And, "precedent allows a district court to recognize affirmative defenses sua sponte in the habeas context." *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir. Apr. 19, 2011). After all, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)).

Having carefully considered all relevant documents and law, the Court concludes that Petitioner's initial pleading fails to state a claim upon which relief may be granted. The petition is therefore denied.

## EXHAUSTION

From Petitioner's description of himself as a pretrial detainee, the Court infers that Petitioner filed here knowing state remedies had not been exhausted as to any federal claims. Indeed, before Petitioner may seek review in federal court of Utah proceedings, Petitioner must exhaust all available remedies in the Utah courts. *See* 28 U.S.C.S. § 2254 (b) & (c) (2022);

2

*Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished). To exhaust remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which relief is sought. *See Picard*, 404 U.S. at 276. Moreover, "the pending state action might result in [failure to convict], mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002). Based on failure to exhaust, then, this federal petition appears to be barred because of Petitioner's pending criminal case.[1]

## ABSTENTION

A related ground for denying this federal petition may be the *Younger* abstention doctrine. *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)).

---

[1] This Court recognizes it has authority to deny unexhausted claims on the merits, but determines that course is not called for here, when any of Petitioner's claims (that could possibly survive summary dismissal with more information and adequate arguments--e.g., due process, speedy trial) would require development of a record and fact-finding determinations. *See Rudolph v. Galetka*, No. 99-4207, 2000 U.S. App. LEXIS 4349, at *4 (10th Cir. Mar. 21, 2000) (unpublished).

Applying the analysis here, the Court first determines based on the information in the petition that there is very likely a pending state judicial proceeding. Second, though habeas cases are civil, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks--both here and in state court--ongoing criminal proceedings, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has an adequate chance to raise any federal constitutional challenges in state court. In fact, as explained above, by federal statute, federal constitutional issues *must* be raised in state court first before they may be brought here. *See* 28 U.S.C.S. § 2254 (b) & (c) (2022); *Picard*, 404 U.S. at 275; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

## CONDITIONS OF CONFINEMENT

Petitioner's last two allegations about lack of food and guards' sexual comments in jail fail to state a claim, in this federal habeas case, because they assert conditions-of-confinement claims. These allegations do not attack the fact of his confinement, nor could they form the basis of legal claims under the Federal Constitution that would lead to his release from custody. *See* 28 U.S.C.S. § 2241(c)(3) (2022); *McIntosh*, 115 F.3d at 811. These claims are thus denied.

## CONCLUSION

Petitioner fails to state a claim upon which relief may be granted, in that he does not meet the federal habeas standard for relief: that the fact of his pretrial incarceration violates the Federal Constitution. Because he is a pretrial detainee, any of his actual federal habeas claims

4

are dismissed without prejudice under the exhaustion and abstention doctrines. His conditions-of-confinement claims are dismissed as inappropriate in this habeas-corpus case.

**IT IS THEREFORE ORDERED** that:

**(1)** The petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITHOUT PREJUDICE**.

**(2)** A certificate of appealability is **DENIED**.

**(3)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form civil-rights complaint for him to complete, according to directions, should he wish to file a separate prisoner civil-rights case regarding conditions-of-confinement claims.

**(4)** This action is **CLOSED**.

DATED this 19th of May, 2022.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court